NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH COLCA, | |
| Plaintiff, | Civil Case No. 13-6072 (FSH) |
| v. | **OPINION AND ORDER** |
| SEA BREEZE FRUIT FLAVORS, INC., | Date: February 20, 2015 |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Sea Breeze Fruit Flavors, Inc.'s ("Defendant" or "Sea Breeze") motion for summary judgment. (Dkt. No. 20.)[1] The Court has reviewed the submissions of the parties and considered the motion pursuant to Federal Rule of Civil Procedure 78; and

it appearing that pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); and that, in other words, "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party," *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); and

---

[1] This matter arises from Sea Breeze's termination of Colca's employment at Sea Breeze on June 4, 2012.

it appearing that all facts and inferences must be construed in the light most favorable to the non-moving party, *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994), and that the party seeking summary judgment always bears the initial burden of production, *Celotex Corp.*, 477 U.S. at 323, and that this requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue for which it bears the burden, *see id*. at 322–23; and

it appearing that Sea Breeze moves for summary judgment on Plaintiff Keith Colca's ("Plaintiff" or "Colca") claims under the New Jersey Law Against Discrimination ("NJLAD")[2] on the argument that Colca cannot establish a *prima facie* case of discrimination;[3] and

it appearing that to establish a *prima facie* case of discrimination, Colca must show, among other elements, that Colca is a member of a protected group (here, that he is disabled, or perceived to be disabled, under the law), *see Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133, 1145 (N.J. 2005);

---

[2] Sea Breeze also moves for summary judgment on Colca's claim under the federal Family and Medical Leave Act ("FMLA"). "To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012). In order to assert a claim of interference, "the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." *Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005). Although Sea Breeze moved for summary judgment on Colca's FMLA claim, Sea Breeze made no specific arguments in support. The Court, therefore, denies summary judgment on this claim.

[3] In examining discrimination cases under the NJLAD, New Jersey follows the federal framework established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973): (1) the complainant must come forward with sufficient evidence to constitute a prima facie case of discrimination; (2) the employer must then show a legitimate non-discriminatory reason for its decision; and (3) the complainant must be given the opportunity to show that the employer's stated reason was merely a pretext or discriminatory in its application. *Dixon v. Rutgers, State Univ. of N.J.*, 541 A.2d 1046, 1051 (N.J. 1988).

and that whether Colca is disabled or perceived to be so by Sea Breeze is a question of material fact disputed by the parties;[4] and, therefore, summary judgment is inappropriate on this claim; and

---

[4] The parties dispute whether Colca is disabled under the NJLAD. Disability is defined under the NJLAD as "suffering from physical disability, infirmity, malformation or disfigurement which is caused by bodily injury, birth defect or illness . . . or from any mental, psychological, or neurological condition which prevents the normal exercise of any bodily or mental function or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques." N.J.S.A. 10:5-5(q). The parties do not dispute that, prior to his employment at Sea Breeze, Colca suffered sensory seizures as a result of a brain tumor that was surgically removed in July 2000. (Pl.'s Stmt. of Facts ("PF"), Dkt. No. 23, at 7; Def.'s Stmt. of Facts ("DF"), Dkt. No. 20-1, ¶¶ 2–5.) In the year prior to his termination from Sea Breeze, Colca alleges the he began suffering a recurrence of these sensory seizures, characterized by tremors in his arm, numbing sensations, fatigue, disorientation, and light-headedness. (PF at 7.)

    Sea Breeze heavily relies on *Photis v. Sears Holding Corp.*, but despite facial similarities between the facts of that case and those asserted here, *Photis* is more properly distinguished. No. 11-cv-6799, 2013 WL 3872519 (D.N.J. July 25, 2013). In *Photis*, the plaintiff alleged to have experienced a single grand mal seizure but could offer no additional evidence of disability. *Id.* at *3. The *Photis* court particularly found the lack of medical evidence persuasive. *Id.* at *6. By contrast, Colca undisputedly suffered sensory seizures and underwent surgery to remove a brain tumor. Although the medical records in evidence, as Sea Breeze emphasizes, do not confirm Colca's allegations of a recurrence of seizures, nor do the records disprove Colca's allegations. For example, although the record from Colca's April 6, 2011 visit to Crystal Run Healthcare assesses "[n]o evidence of seizures," the record from his October 10, 2011 visit assesses "partial epilepsy." (PF at 8.)

    More importantly, whether Colca was, in fact, experiencing a recurrence of seizures is likely not dispositive of the issue. Under the NJLAD, "those perceived to be suffering from a particular handicap are as much within the protected class as those who are actually handicapped." *Rogers v. Campbell Foundry Co.*, 447 A.2d 589, 591 (N.J. Super. App. Div. 1982). Colca proffers significant evidence to show that Sea Breeze perceived him to be disabled. Steve Saunders, President of Sea Breeze, testified in deposition that he knew of Colca's medical history at the time of Colca's hiring, (PF at 7); Sanders knew that Colca had been seeking medical attention for his alleged recurrence of seizures, (PF at 10); in fact, Colca left Sea Breeze on March 26, 2012, in an ambulance after losing consciousness, allegedly due to seizures, (PF at 9); and Sanders urged Colca to go on disability immediately before firing him. (PF at 11–12.) In short, a factfinder could reasonably find that Sea Breeze perceived Colca to be disabled, particularly in light of the "rather modest" evidentiary burden at the *prima facie* stage of a NJLAD claim. *Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133, 1139 (N.J. 2005).

    Sea Breeze also contends that it should be granted summary judgment because it has established a legitimate non-discriminatory reason for Colca's firing. Even were the Court to accept Sea Breeze's proffered non-discriminatory reasons, the burden would shift back to Colca to show that Sea Breeze's non-discriminatory reasons are pre-textual and that Sea Breeze was motivated by discriminatory intent. *See Chou v. Rutgers, State Univ. of N.J.*, 662 A.2d 986, 993 (N.J. Super. App. Div. 1995). Colca has submitted evidence on which a fact-finder could reasonably find that Sea Breeze's motives were discriminatory: Sea Breeze offers up disciplinary reports from the last weeks of Colca's employment, (DF ¶¶ 80–83), but Colca contends that he has worked at Sea Breeze for years prior without incident and instead with commendations for attendance, (PF at 6, 13–14), that other employees who have not been fired have been disciplined more often that Colca had been, (PF at 6–7, 13–14), and again, that Sanders urged Colca to take disability before firing him. (PF at 11–12.)

3

it appearing that Sea Breeze also moves for summary judgment on Colca's claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") on the argument that Colca cannot show the requisite facts relating to elements of the claims; and

it appearing that common law claims, such as IIED or NIED, that are based on the same facts as NJLAD claims, should be dismissed, *see Valentine v. Bank of Am.,* No. 09-cv-262, 2010 WL 421087, at *6 (D.N.J. Feb. 1, 2010) (holding that because plaintiff's common law infliction of emotional distress claim "is based on the same facts as her claims under the LAD, . . . her LAD claims preempt her common law claim"); *Quarles v. Lowe's Home Ctrs., Inc.*, No. 04-cv-5746, 2006 WL 1098050, at *4 (D.N.J. Mar. 31, 2006) (dismissing common law infliction of emotional distress claim because it "is based on the same allegations supporting Plaintiff's LAD claim"); and that Colca's IIED and NIED claims are based on the same facts as his NJLAD claim, as he alleges that he suffered "severe emotional distress" as a result of being forced "to choose to go on disability . . . or face termination for pretextual reasons," (Pl.'s Opp. Br. at 34); and, therefore, that Colca's IIED and NIED claims are not sustainable;[5] and for good cause shown,

---

[5] Even if Colca's IIED and NIED claims are not based on the same facts as his NJLAD claims, Colca has not established a *prima facie* case for IIED or NIED. To establish a *prima facie* case for IIED, Colca must show that Sea Breeze: "(1) engaged in intentional conduct (2) that was extreme and outrageous (3) and was the proximate cause (4) of severe distress suffered by the plaintiff." *Quarles*, 2006 WL 1098050, at *4; *Buckley v. Trenton Saving Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988). To establish a *prima facie* case for NIED, Colca must show that Sea Breeze: that Sea Breeze (1) owed a duty of care to Colca and (2) breached that duty, (3) that Colca suffered severe emotional distress, and (4) that Sea Breeze's breach was the proximate cause of the injury. *Dello Russo v. Nagel*, 817 A.2d 426, 435 (N.J. Super. App. Div. 2003). Courts have recognized the difficulty of establishing such claims in an employment-related dispute. *King v. Port Auth. of N.Y. & N.J.*, 909 F. Supp. 938, 943 (D.N.J. 1995) ("'[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.'" (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988))); *Lemke v. Int'l Total Servs., Inc.*, 56 F. Supp. 2d 472, 489 (D.N.J. 1999) ("Even terminations based on discrimination, without accompanying harassment or something akin thereto, do not state a cause of action for the intentional infliction of emotional distress."). In his opposition to summary judgment, Colca has proffered no evidence of his severe distress caused by Sea Breeze's

**ACCORDINGLY, IT IS** on this 20th day of February, 2015,

**ORDERED** that Defendant Sea Breeze's motion for summary judgment (Dkt. No. 20) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Plaintiff Colca's claims for intentional and negligent infliction of emotional distress (Third and Fourth Counts) are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

 /s/ Hon. Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

conduct—other than the conclusory claim of "severe emotional distress" recited by the brief, as noted above. For this reason alone, Colca's IIED and NIED claims fail.